UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOHN H. KITCHINGS, JR.,
                    *Plaintiff-Appellee,*

v.

MAYOR AND COMMON COUNCIL OF
INCORPORATED TOWN OF CAPITOL
HEIGHTS; VIVIAN M. DODSON, in her
official and individual capacity;
WILLIAM A. DEVINE, JR.,
                    *Defendants-Appellants.*

No. 01-1201

JOHN H. KITCHINGS, JR.,
                    *Plaintiff-Appellant,*

v.

MAYOR AND COMMON COUNCIL OF
INCORPORATED TOWN OF CAPITOL
HEIGHTS; VIVIAN M. DODSON, in her
official and individual capacity;
WILLIAM A. DEVINE, JR.,
                    *Defendants-Appellees.*

No. 01-1633

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-99-1596-WMN)

Submitted: September 28, 2001

Decided: November 2, 2001

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

No. 01-1201 dismissed as moot and No. 01-1633 affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Daniel Karp, ALLEN, JOHNSON, ALEXANDER & KARP, Baltimore, Maryland, for Appellants. John H. Kitchings, Jr., Appellee Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

John Kitchings filed the underlying action alleging that he was wrongfully terminated from his position as the Town Administrator for the Town of Capitol Heights. The parties attended a settlement conference and a settlement agreement was drafted. Kitchings sought to withdraw from the settlement agreement, and the Defendants moved to enforce the agreement. The district court denied the Defendants' motion to enforce, and the Defendants noted an appeal (No. 01-1201). While their appeal was pending, the Defendants discovered that Kitchings had negotiated the settlement check which had been sent to his attorney shortly after the settlement conference. The Defendants then moved in the district court for an order vacating the prior order and ordering enforcement of the settlement agreement pursuant to Fed. R. Civ. P. 60(b). The district court granted the motion and Kitchings noted an appeal (No. 01-1633).

Our review of the record included on appeal and the parties' briefs discloses that the district court did not abuse its discretion in granting the Defendants' Rule 60(b) motion. Under Maryland law, Kitchings' negotiation of the check bars him from any further recovery. *See Loh*

*v. Safeway Stores, Inc.*, 422 A.2d 16, 20 (Md. App. 1980). Accordingly, in No. 01-1633, we affirm the district court's order granting the Defendants' Rule 60(b) motion, vacating its order denying the Defendants' motion to enforce the settlement agreement, and granting their renewed motion for enforcement of the agreement. In light of this disposition and the district court's order vacating the order denying the motion to enforce, we dismiss as moot the Defendants' appeal in No. 01-1201.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 01-1201 - *DISMISSED AS MOOT*

No. 01-1633 - *AFFIRMED*